**FILED**

9:43 am Jul 31 2024

Clerk U.S. District Court
Northern District of Ohio
Cleveland

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID C. LETTIERI, | ) | CASE NO. 4:24 CV 1288 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| WARDEN DOUGLAS FENDER | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

*Pro se* petitioner David C. Lettieri, a federal prisoner, filed the above-captioned Petition

for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He states that he is challenging the

conditions of his confinement. (Doc. No. 1 at 2). Specifically, Petitioner appears to claim

retaliation, a violation of his due process rights in connection with a grievance he filed, and a

denial of access to the courts. (*See* Doc. No. 1-4). He asks the Court to issue an Order "for times

to be at the times Marshal handbook state." (Doc. No. 1 at 7).

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the

district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).

Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus

to prisoners being held 'in violation of the Constitution or laws or treaties of the United

States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because

Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and

his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v.*

*Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Court, however, may dismiss the Petition at any

time, or make any such disposition as law and justice require, if it determines the Petition fails

to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S. Ct.

2113, 95 L. Ed. 2d 724 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)

(holding district courts have a duty to "screen out" petitions lacking merit on their face under

Section 2243).

Habeas corpus is generally available to prisoners seeking relief from unlawful

imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Federal

prisoners may use 28 U.S.C. § 2241 to attack the manner in which their sentence is being

executed, such as the computation of sentence credits or parole eligibility. *Capaldi v. Pontesso*,

135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.

1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Section 2241,

however, is not available to review questions unrelated to the cause of detention. *Martin*, 391

F.3d at 714. Prisoners challenging the conditions of their confinement must do so through a civil

rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 93 S. Ct. 1827, 36 L. Ed. 2d 439

(1973). Virtually every aspect of a prisoner's daily life that does not affect the duration of his

confinement is considered a "condition of confinement."

Here, Petitioner's claims concern the conditions of his confinement. Because he is not

challenging the execution of his sentence or the fact of his confinement, he is not entitled to

relief under Section 2241.

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. Petitioner may file a civil rights action challenging the conditions of his confinement, provided he pays the full $405 filing fee. *See Lettieri v. Garver*, No. 4:24CV1219 (N.D. Ohio July 26, 2024) (finding Plaintiff's abusive litigation history constitutes an abuse of the privilege of proceeding *in forma pauperis* and prohibiting Plaintiff from filing any actions in this district unless accompanied by the full filing fee).

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal could not be taken in good faith.

**IT IS SO ORDERED**.

7/31/2024

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**